[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-11598

Non-Argument Calendar

————————————

CARLOS ACENCIO-CANALES,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A240-761-1992

————————————

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos Acencio-Canales, a native of El Salvador, petitions for review of an order affirming the denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(a), 1231(b)(3). Acencio-Canales challenges the Board of Immigration Appeals' conclusion that he failed to establish a well-founded fear of future persecution based on the inadvertent disclosure of his personally identifying information on a government website. He also argues that the Board erred in finding that his motion for administrative closure was beyond the scope of the limited remand to the immigration judge to assess his eligibility for relief based on the inadvertent disclosure. We deny the petition.

We review the decision of the Board, except to the extent that the Board expressly adopted or agreed with the immigration judge's decision. *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021). We review legal conclusions *de novo* and factual findings for substantial evidence. *Id.* Under the substantial evidence test, we must affirm if the findings are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (citation and internal quotation marks omitted). We

will reverse "only if the record compels reversal, and the mere fact that the record may support a contrary conclusion is insufficient to justify reversal." *Id.* (citation and internal quotation marks omitted).

Substantial evidence supports the finding that Acencio-Canales failed to establish a well-founded fear of future persecution based on the inadvertent disclosure of his personally identifying information. The Board agreed with the immigration judge's finding that Acencio-Canales's fear was not objectively reasonable, so we review both of their decisions as to that finding. *See id.* To be eligible for asylum, an applicant must prove that he is unable or unwilling to return to his home country or avail himself of its protection "because of persecution or a well-founded fear of persecution." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A). Acencio-Canales concedes that he cannot establish past persecution, so he must establish a well-founded fear of future persecution that is "subjectively genuine and objectively reasonable." *Murugan v. U.S. Att'y Gen.*, 10 F.4th 1185, 1193 (11th Cir. 2021) (citation and internal quotation marks omitted). The objective requirement can be satisfied with "specific, detailed facts showing that the alien has a good reason to fear that he . . . will be singled out for persecution." *Id.* (citation and internal quotation marks omitted and alterations adopted). Acencio-Canales failed to satisfy that burden.

There was no evidence that the people Acencio-Canales feared, including his father, the Salvadoran government, or gangs, were aware of the disclosure. Acencio-Canales testified that he did

not know if anyone he knew saw the disclosed information and would not have known about it if authorities had not notified him. Although he argues that he and his mother credibly testified that his information was available for several hours and that his father or other individuals in government could possibly see the breach, this testimony is not inconsistent with the Board's finding and does not compel reversal.

The immigration judge's finding that the disclosure would not increase his risk of harm was supported by the record. Acencio-Canales testified that he last spoke to his father in 2020, who never carried out his threats before Acencio-Canales left the country in 2022. And the record established that El Salvador cooperates with humanitarian organizations to protect refugees. Although Acencio-Canales testified that his friend was detained in El Salvador after his information was disclosed, he did not know why his friend was detained, so this testimony does not compel a finding that he had reason to fear persecution from the Salvadoran government based on the disclosure. *See id.*

To the extent Acencio-Canales argues the Board erred as a matter of law in finding that he failed to establish a well-founded fear of future persecution, we disagree. His argument that the Board did not address *Lyashchynska v. U.S. Attorney General*, which is "on point" because it addressed whether a disclosure can create a well-founded fear of persecution is incorrect. 676 F.3d 962 (11th Cir. 2012). *Lyashchynska* held that a disclosure did not amount to a breach of confidentiality and did not address whether the

disclosure created a well-founded fear of persecution. *Id.* at 969–71. Acencio-Canales's failure to establish that he is eligible for asylum necessarily defeats his argument that he is otherwise eligible for withholding of removal. *See Martinez v. U.S. Att'y Gen.*, 992 F.3d 1283, 1290 n.2 (11th Cir. 2021). And he has abandoned any argument that he is eligible for relief under the Convention by making only passing references to that form of relief and failing to contest the Board's findings regarding that issue. *See Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1173 (11th Cir. 2008) ("[W]hen an appellant fails to offer argument on an issue, that issue is abandoned." (citation and internal quotation marks omitted)).

Acencio-Canales also argues that the Board erred when it summarily denied his motion for administrative closure because it was outside the scope of the limited remand. But the Board alternatively denied his motion on the merits because the relief that he intended to seek was speculative and would require administrative closure for an indefinite time. Because the Board's denial of his motion on the merits was dispositive, we need not consider its alternative finding that the motion was outside the scope of the remand. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

We **DENY** the petition for review.